Chief Justice Robertson
delivered the opinion of the Court.
In 1810, Vincent Turner, .then about thirty years of age, died, intestate and childless, leaving a surviving mother, two brothers, three sisters, and the children of 'a deceased brother. Prior to. his death, one of his brothers, as his agent, had sold and conveyed'a tract of land to Benjamin Milner. In 1816, the brothers and sisters, arid the children of the deceased brother of Vincent Turner, claiming to be his heirs, filed a bill in chancery against Milner to injoin a judgment in ejectment, which he had obtained for the land, and to set aside his deed, on the ground, that V. Turner was a lunatic when it was executed. Pending this suit, in 1821, Nancy Turner, the mother of V. Turner, died; and having by her will devised, sundry little articles of property to her children, she made the following devise to one of her daughters. ‘T will and bequeath unto my daughter Polly Johnson, a note on Tarlelon Embry, and my bed and bedstead, and all the furniture that I have, and my chest, and all the remaining balance of my estate.”
Sometime after the probate of the will, the suit in chancery was decided, and Milner was directed by the decree to convey the legal title to the land to the complainants in the bill, as the heirs of Vincent Turner, de - ceased.
When a son dies without «*it!ur father or child, but leaves a surviving mother, brothers and sisters, the «otter, is tsne of his heirs.
Johnson and Noland, who had married two of the sisters of Y. Turner, and were parties to the suit for the -land, had, in the riieantime, bought out the interests of the other complainants in the bill, each having bought an equality of interest.
After the decree for the land had been rendered, Johnson filed a bill in chancery against Noland, for a partition, between them, of the land, and claimed four sevenths as his interest, insisting that Nancy Turner was one of V. Turner’s heirs, and that, by her will,he and his wife were entitled to her interest. Noland insisted on an equal partition, denying that Nancy Tutner was-an heir, and insisting that if she was, she did not know it, or had waived her right, and therefore, did not mean, by the residuary clause in her will, to devise any right to the land; and he relied on the suit in chancery for the land, as an estoppel to all claim to the land by the iestratrix or by her devisee.
The parties having waived all objection to the want of proper parties, the circuit court decreed that Johnson was entitled to four seventh parts, and Noland to only three seventh parts of the land; and Noland prosecutes a writ of error to reverse that decree.
The only question worthy of consideration in the case is, whether or not Mrs. Johnson acquired any right to the land by the will of her mother.
There can be no doubt that Nancy Turner was one of the heirs of V. Turner, and that she intended to dispose of all her estate by her will. If it had been shown that she had renounced to her children her inv terest in the land, or that she did not claim any interest, or believe that she had any interest in it, then we should be of opinion that she did not intend to devise it to Mrs. Johnson.
It might not be unreasonable to infer, as a matter of fact, from all the circumstances, that she did not know that she was one of the heirs. She was not a party to the suit. There is no proof that she ever asserted any claiti to the land. Her will does not mention tha land, although it would have been the most prominent article, except one, which is mentioned in it; and the whole tenor of the will tends, to evince an effort-to *353 -¿escribe and «pcciftcallly devise every article of propsrty which could be recollected by the testatrix.
CapeHon, for plaintiff; Turner, for defendants.
But these negative facts, are insufficient of themselves and alone, to control the legal construction of the will. VVe would nor feel authorized to infer from these facts alone, that Nancy Turner had no interest in the land, or that she did not lrnow that she had any, and did not intend to devise it. The law gave her an interest, and her will has disposed of all the property which she had a right to devise.
Johnson is not estopped either by her failure to become a party to the suit for the land, or by his own subsequent omission to assert any inter -st in her right. These circumstances can only tend to show, that neither she nor he knew that she had any interest. This is their utmost effect. They do not prove that she had no right, nor estop her devisee from asserting it. Nor do they indeed sufficiently siiow that she did not, at the date of her will or of her death, know, that she had an interest in the land; or that she did not intend, by the residuary clause, to devise all that she might have potentially.
The decree for partition must therefore be approved.
As Noland’s opposition to the claim of Johnson, in rightof Nancy Turner, occasioned the suit, it was right, to decree, as was done, that he should pay all the costs except those of the partition itself.
Decree affirmed.